JUDGMENT



UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

----------

NO. 98-55557
CT/AG#: CV-97-08599-ABC

EDWIN F. VIRGIN, SR.; SUSAN S. VIRGIN; EDWIN F. VIRGIN, JR.

  Plaintiffs - Appellants

v.

COUNTY OF SAN LUIS OBISPO, a political subdivision of the
State of California; BOARD OF SUPERVISORS OF THE COUNTY OF
SAN LUIS OBISPO; SUPERIOR & MUNICIPAL COURTS OF THE
STATE OF CALIFORNIA FOR THE COUNTY OF SAN LUIS OBISPO

  Defendants - Appellees

----------------------

APPEAL FROM the United States District Court for the Central District of California, Los Angeles.

THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the Central District of California, Los Angeles and was duly submitted.

ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is affirmed.

Filed and entered     January 13, 2000

✓ Docketed
✓ Copies / NTC Sent
__ JS-5 / JS-6
__ JS-2 / JS-3
✓ CLSD

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
FEB 04 2000
by: _____
Deputy Clerk

INTERNAL USE ONLY: Proceedings include all events.
98-55557 Virgin, et al., et al v. San Luis Obispo Co., et al

| | |
|---|---|
| EDWIN F. VIRGIN, SR.<br>  Plaintiff - Appellant | William S. Walter<br>805/541-6601<br>[COR LD NTC ret]<br>WALTER & BORNHOLDT<br>679 Monterey Street<br>San Luis Obispo, CA 93401 |
| SUSAN S. VIRGIN<br>  Plaintiff - Appellant | William S. Walter<br>(See above)<br>[COR LD NTC ret] |
| EDWIN F. VIRGIN, JR.<br>  Plaintiff - Appellant | William S. Walter<br>(See above)<br>[COR LD NTC ret] |

  v.

| | |
|---|---|
| COUNTY OF SAN LUIS OBISPO, a political subdivision of the State of California<br>  Defendant - Appellee | Thomas F. Winfield, III, Esq.<br>(213) 687-2100<br>[COR LD NTC ret]<br>BROWN, WINFIELD & CANZONERI, INC.<br>300 South Grand Avenue<br>Ste. 1500<br>Los Angeles, CA 90071-3125<br><br>Christopher Norgaard, Esq.<br>(213) 678-2100<br>Suite 1500<br>[COR LD NTC ret]<br>BROWN WINFIELD & CANZONERI<br>300 South Grand Ave.<br>Los Angeles, CA 90071-3125 |
| SUPERIOR & MUNICIPAL COURTS OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN LUIS OBISPO<br>  Defendant - Appellee | Thomas F. Winfield, III, Esq.<br>(See above)<br>[COR LD NTC ret]<br><br>Christopher Norgaard, Esq.<br>(See above)<br>[COR LD NTC ret] |
| BOARD OF SUPERVISORS OF THE COUNTY OF SAN LUIS OBISPO<br>  Defendant - Appellee | Thomas F. Winfield, III, Esq.<br>(See above)<br>[COR LD NTC ret]<br><br>Christopher Norgaard, Esq.<br>(See above)<br>[COR LD NTC ret] |

FOR PUBLICATION

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

EDWIN F. VIRGIN, SR.; SUSAN S.
VIRGIN; EDWIN F. VIRGIN, JR.,
      *Plaintiffs-Appellants,*

v.

COUNTY OF SAN LUIS OBISPO, a
political subdivision of the State
of California; SUPERIOR &
MUNICIPAL COURTS OF THE STATE OF
CALIFORNIA FOR THE COUNTY OF
SAN LUIS OBISPO; BOARD OF
SUPERVISORS OF THE COUNTY OF
SAN LUIS OBISPO,
      *Defendants-Appellees.*

No. 98-55557

D.C. No.
CV-97-08599-ABC

OPINION

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued and Submitted
October 6, 1999—Pasadena, California

Filed January 13, 2000

Before: Betty B. Fletcher, Dorothy W. Nelson, and
Melvin Brunetti, Circuit Judges.

Per Curiam Opinion

443

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY WEST GROUP—SAN FRANCISCO—(800) 888-3600

© 2000 by West Group.

The summary, which does not constitute a part of the opinion of the court, is copyrighted

## SUMMARY

### Civil Litigation and Procedure/ Jurisdiction—Federal Question

The court of appeals affirmed a judgment of the district court. The court held that federal land patents and acts of Congress do not provide bases for federal question jurisdiction.

Edwin F. Virgin, Sr., Susan S. Virgin, and Edwin F. Virgin, Jr. owned land in the County of San Luis Obispo in California because of federal land patents granted to their predecessors-in-interest by the United States government pursuant to acts of Congress. The Virgins brought a declaratory relief action against the county, the county subdivision review board, and the county board of supervisors alleging that the subdivision review board improperly denied their application for a parcel lot line adjustment intended to create thirteen separate legal parcels out of the Virgins' acreage.

The district court dismissed the action with prejudice for lack of subject matter jurisdiction. The Virgins appealed, arguing that the general rule that a federal land patent does not confer federal question jurisdiction did not apply; several Supreme Court precedents and/or the acts of Congress creating their federal patents provided exceptions to the general rule; and the Supremacy Clause created federal question jurisdiction.

[1] Federal law gives the district courts original jurisdiction of every civil action that arises under the Constitution, the law, or treaties of the United States if it is apparent from the face of the complaint either that (1) a federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law that creates a cause of action is a necessary element of the plaintiff's claim.

statute preempted Maryland criminal statutes prohibiting the importation of seal skins).

[7] In this case, however, the appellants sought a lot line adjustment pursuant to County Ordinance and California Government Code Section 66412(d). There is no analogous federal statute here that preempts either the county ordinance or state regulations. Furthermore, all the Supreme Court and Ninth Circuit cases on point hold that acts of Congress granting federal land patents are not bases for federal question jurisdiction. Nor is there any Supremacy Clause decision based solely on a federal land patent.

Since the *Oneida*, *Packer v. Bird*, and Supremacy Clause arguments are totally unpersuasive, we will not address the appellants' substantive claims. As the Ninth Circuit said in the federal land patent case most on point, "whatever the extent of [the Virgins'] possessory rights to that property, [they] must vindicate those rights in the state courts." *Landi*, 740 F.2d at 713-14.

[8] The appropriate remedy for the appellants is to litigate their claims through the state court system and then file a petition for certiorari for the U.S. Supreme Court to review the state court decision with regard to these federal land patents. We affirm the district court's dismissal of this case for lack of subject matter jurisdiction.

**AFFIRMED.**

their lot line adjustment. Whatever the extent of the Virgins' possessory rights to that property, they were compelled to vindicate those rights in the state courts.

[8] The appropriate remedy for the Virgins was to litigate their claims through the state court system and then file a petition for certiorari for the U.S. Supreme Court to review the state court decision with regard to their federal land patents.

## COUNSEL

William S. Walter, Walter & Bornholdt, San Luis Obispo, California, for the plaintiffs-appellants.

Thomas F. Winfield, III, Christopher Norgaard, Brown Winfield & Canzoneri, Los Angeles, California, for the defendants-appellees.

## OPINION

PER CURIAM:

We affirm the district court's dismissal because of a lack of subject matter jurisdiction.

## Factual and Procedural Background

Edwin F. Virgin, Sr., Susan S. Virgin, and Edwin F. Virgin, Jr. own land in the County of San Luis Obispo because of federal land patents granted to their predecessors-in-interest. The Virgins appeal the district court's dismissal for lack of subject matter jurisdiction over their declaratory relief action against the county and others alleging that the county's Subdivision Review Board improperly denied their application for a parcel lot line adjustment intended to create thirteen separate legal

been inhospitable forums for plaintiffs asserting federal-question jurisdiction of possessory land claims . . . . [T]he grant of a land patent . . . carries with it no guarantee of continuing federal interest and certainly carries with it no indefinitely redeemable passport into federal court." *Oneida*, 414 U.S. at 683 (Rehnquist, J., concurring) (quoted in *Landi*, 740 F.2d at 713).

### 2. *Packer v. Bird*

The appellants argue that their indefinitely redeemable passport into federal court is federal common law created by *Packer v. Bird*, 137 U.S. 661 (1891). They claim this federal common law comes from one paragraph of dicta:

> The courts of the United States will construe the grants of the general government without reference to the rules of construction adopted by the states for their grants; but whatever incidents or rights attach to the ownership of property conveyed by the government will be determined by the states, *subject to the condition that their rules do not impair the efficacy of the grants or the use and enjoyment of the property by the grantee.*

*Packer*, 137 U.S. at 669 (emphasis added). The appellants emphasize that the last clause and the phrase "use and enjoyment" represent applicable federal common law worthy of federal question jurisdiction.

*Packer*, however, is a water rights case. Specifically, it involves whether a landowner's property extends to the high or low water mark of a stream. See *Packer*, 137 U.S. at 669-70. Most citations to *Packer* involve shoreline disputes. Though federal common law can provide the basis for federal question jurisdiction, *see, e.g.*, *National Farmers Union Ins. Co. v. Crow Tribe of Indians*, 471 U.S. 845, 850 (1985), neither the Supreme Court nor the Ninth Circuit has ever invoked

cels, "which do not include the majority of Plaintiffs' ownership of the land patents."

On November 21, 1997, the Virgins filed a complaint for declaratory and injunctive relief in federal district court. They named as defendants San Luis Obispo County, its Board of Supervisors, and the Superior and Municipal Courts of the State of California for the County of San Luis Obispo. On December 16, 1997, the district court issued an order to show cause why the action should not be dismissed for lack of subject matter jurisdiction. On February 12, 1998, after briefing by both parties and a hearing, the district court dismissed the case with prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The Virgins timely appealed.

## Standard of Review

The Ninth Circuit reviews dismissals for lack of subject matter jurisdiction de novo. *See Crist v. Leippe*, 138 F.3d 801, 803 (9th Cir. 1998).

## Discussion

[1] This case is an extremely straightforward application of Supreme Court and Ninth Circuit caselaw on federal question jurisdiction. Section 1331(a) gives the district courts original jurisdiction of every civil action that "arises under the Constitution, the law, or treaties of the United States." A claim arises under federal law within § 1331 if it is apparent from the face of the complaint either that (1) a federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law that creates a cause of action is a necessary element of the plaintiff's claim. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808-09 (1986).

[2] Federal land patents and acts of Congress do not provide bases for federal question jurisdiction. The Supreme Court has clearly stated that:

> [a] suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends. This is especially so of a suit involving rights to land acquired under a law of the United States. If it were not, every suit to establish title to land in the central and western states would so arise, as all titles in those states are traceable back to those laws.

*Shulthis v. McDougal*, 225 U.S. 561, 569-70 (1912). Furthermore, it is well established that "a controversy in respect of lands has never been regarded as presenting a Federal question merely because one of the parties to it has derived his title under an act of Congress." *Id.* at 570.

[3] *Shulthis*'s rule that federal land patents do not confer federal question jurisdiction has been repeatedly reaffirmed by the Supreme Court, the Ninth Circuit, and other lower courts. *See, e.g., Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 676-77 (1974) ("Once patent issues, the incidents of ownership are, for the most part, matters of local property law to be vindicated in local courts, and in such situations it is normally insufficient for 'arising under' jurisdiction merely to allege that ownership or possession is claimed under a United States patent."); *Barnett v. Kunkel*, 264 U.S. 16, 20 (1924) (same); *Landi v. Phelps*, 740 F.2d 710, 713-714 (9th Cir. 1984) (holding that "the United States has no continuing interest in the property" acquired through federal land patents); *Standage Ventures, Inc. v. Arizona*, 499 F.2d 248, 249 (9th Cir. 1974) ("The complaint does not allege expressly

parcels out of the Virgins' acreage. The Virgins argue that the district court erred because: (1) the general rule that a federal land patent does not confer federal question jurisdiction does not apply; (2) several Supreme Court precedents and/or acts of Congress creating their federal patents provide exceptions to the general rule; and (3) the Supremacy Clause creates federal question jurisdiction.

The appellants claim ownership of about 1,240 acres in San Luis Obispo County. They allegedly own seven legal parcels created by patents issued to the Virgins' predecessors-in-interest by the United States government pursuant to acts of Congress in 1820 and 1862. In addition, they claim to own six parcels acquired pursuant to other acts of Congress in 1820, 1829, 1853, and 1862. The appellants recorded these parcels in the records of the County Recorder.

In 1993, the Virgins filed an application with the county for a lot line adjustment pursuant to County Ordinance and California Government Code Section 66412(d) that reconfigured the thirteen lots into eight lots. On April 3, 1995, the county's Subdivision Review Board denied their application for a lot line adjustment and found that their property included only one parcel. The Virgins appealed the denial of the lot line application to the county's Board of Supervisors. After hearings on August 8, 1995, and October 17, 1995, the Board denied the appeal on February 6, 1996 and found that the Virgins' property included only two parcels. The Virgins then filed a petition for writ of mandamus or a writ of mandate, and a complaint for declaratory relief, an injunction, and damages in the Superior and Municipal Courts of the State of California for San Luis Obispo County. They named as defendants the county, the Subdivision Review Board, and the Board of Supervisors. On May 6, 1997, the Superior Court ordered the county to conduct a hearing to reconsider the lot line adjustment but found that the Virgins' property consisted of only four parcels. The county Board of Supervisors held a hearing and confirmed that the Virgins owned only four par-

that any law of the United States is directly or indirectly involved in the dispute; it is not alone enough that appellant's title is traceable to such a law."); *Hilgeford v. Peoples Bank*, 776 F.2d 176, 178 (7th Cir. 1985) (per curiam) ("It is well settled ... that a controversy regarding land has never been regarded as presenting a federal question simply because one of the parties to it has derived his title from a patent or under an act of Congress.").

Despite this overwhelming caselaw, the appellants contend that two Supreme Court precedents, the acts of Congress conferring the patents, and the Supremacy Clause represent exceptions to the general rule. These claims lack merit.

*A. Supreme Court Precedents: Oneida and Packer v. Bird*

*1. Oneida*

[4] First, the appellants argue that the holding in *Oneida* signifies an exception to the general rule. The exception, however, is extremely narrow. In *Oneida*, the Supreme Court determined that federal question jurisdiction existed because "it rests on the not insubstantial claim that federal law now protects, and has continuously protected from the time of the formation of the United States, possessory rights to tribal lands, wholly apart from the application of state law principles which normally and separately protect a valid right of possession." *Oneida*, 414 U.S. at 677. The Ninth Circuit has interpreted this exception narrowly, recognizing an exception only if "federal law had a continuing interest in protecting the Indians' possessory right to tribal lands." *Landi*, 740 F.2d at 713.

[5] This case does not involve a continuing federal interest in the possessory rights of Indian tribes. Therefore, the narrow exception that the Supreme Court carved out in *Oneida* is inapplicable here. As then-Justice Rehnquist pointed out in his *Oneida* concurrence, "federal courts have traditionally

*Packer* to create federal common law conferring federal question jurisdiction.

Furthermore, five years after *Packer*, the Supreme Court rejected the appellants' argument and held that property received through federal land patents is subject to state and local regulations. *See Eldridge v. Trezevant*, 160 U.S. 452, 468 (1896) ("The subject-matter of such rights and regulations falls within the control of the states . . . .").

Finally, *Shulthis* established that an arising-under case must substantially involve a dispute respecting the construction or effect of a federal law and that land acquired through an act of Congress does not confer federal question jurisdiction. *See Shulthis*, 225 U.S. at 569-70.

### B. Acts of Congress

In addition to relying on *Oneida* and *Packer*, the appellants contend that the acts of Congress conferring their federal land patents provide federal question jurisdiction. This argument is contrary to the express language in *Shulthis* that says acts of Congress do not confer federal question jurisdiction. *See Shulthis*, 225 U.S. at 570. Again, there is no Supreme Court or Ninth Circuit holding to the contrary.

### C. The Supremacy Clause

[6] Finally, the appellants argue that the Supremacy Clause, *see* U.S. Const. art. VI, cl. 2, provides an independent basis for federal question jurisdiction. The Supremacy Clause cases cited by the appellants are inapposite because they involve federal statutes or treaties that directly preempt state statutes. *See Shaw v. Delta Airlines, Inc.*, 463 U.S. 85 (1983) (ERISA allegedly preempts New York Human Rights Law and Disability Benefits Law); *Fouke Co. v. Mandel*, 386 F. Supp. 1341 (D. Md. 1974) (federal treaty and wildlife protection

[2] Federal land patents and acts of Congress do not provide bases for federal question jurisdiction. A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends. This is especially so of a suit involving rights to land acquired under a law of the United States. If it were not, every suit to establish title to land in the central and western states would so arise, as all titles in those states are traceable back to those laws. Furthermore, it is well established that a controversy in respect of lands has never been regarded as presenting a federal question merely because one of the parties to it has derived his or her title under an act of Congress.

[3] Once patent issues, the incidents of ownership are, for the most part, matters of local property law to be vindicated in local courts, and in such situations it is normally insufficient for federal question jurisdiction merely to allege that ownership or possession is claimed under a United States patent. The United States has no continuing interest in the property acquired through federal land patents.

[4] An extremely narrow exception applies when federal law has a continuing interest in protecting Indians' possessory right to tribal lands. [5] Because this case did not involve a continuing federal interest in the possessory rights of Indian tribes, this narrow exception was inapplicable. The grant of a land patent carries with it no guarantee of continuing federal interest and certainly carries with it no indefinitely redeemable passport into federal court.

[6] Finally, the Supremacy Clause did not provide an independent basis for federal question jurisdiction. [7] There was no federal statute that preempted either the county ordinance or state regulations on which the Virgins relied in seeking